### JEFF JONES V. THE STATE.

No. 10348.   Delivered January 26, 1927.

Rehearing granted March 2, 1927.

#### 1.—Forging Land Title—Argument of Counsel—Improper—Not Reversible Error.

Where, on a trial for forgery of a land title, appellant complains of the argument of counsel, and while the argument complained of appears to have been improper, the jury having inflicted the minimum punishment, the improper argument does not warrant the reversal of the case.

#### 2.—Same—Charge of Court—Considered as a Whole.

Where appellant complains of that part of a paragraph of the court's charge as follows: "It is sufficient if it appears that possibly some one might be injured or defrauded thereby," standing alone this might present error, but when considered in connection with the entire paragraph it presents no error.   In passing upon the court's charge on appeal, the entire charge is looked to, and considered.

#### 3.—Same—Charge of Court—On Principles—Held Correct.

Our statute on the law of principals, is applicable to all offenses, and it has often been held that on a trial for forgery, if the evidence presents the issue, that it is a correct legal proposition, that "Where several combine to forge and pass a forged instrument, the accused doing one act and his confederates others, all are principals, and may be prosecuted as such."   See Phillips v. State, 6 Tex. Crim. App. 364; Dillard v. State, 177 S. W. 99; Ferguson v. State, 187 S. W. 476.   See also Art. 1010, P. C.

**4.—Same—Charge of Court—Failure to Limit Testimony—Error.**

Where appellant filed a plea for a suspended sentence and the state introduced testimony attacking his general reputation, on such plea, the court should have limited the consideration of such testimony to the plea for a suspended sentence, and the omission having been properly excepted to and special charges requested and refused, necessitates the reversal of the case. Following Bride v. State, 218 S. W. 762; Williams v. State, 74 Tex. Crim. Rep. 289.

**5.—Same—Argument of Counsel—Held Improper.**

Where appellant had not placed his general reputation in issue, but on his plea for a suspended sentence, the state had introduced testimony attacking his general reputation, it was error for state's counsel in his argument to state that proof of such reputation might be considered by the jury in determining his guilt. This testimony could only be considered in passing upon appellant's plea for a suspended sentence.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for forgery of a land title, penalty five years in the penitentiary.

The opinion states the case.

*W. H. Jack, Jr., W. H. Jack, Sr.,* and *S. H. Jack* of Corsicana, for appellant. On court's failure to limit testimony of general reputation, appellant cites: Bride v. State, 218 S. W. 762; Williamson v. State, 74 Tex. Crim. Rep. 289; Gould v. State, 129 S. W. 624.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Navarro County of forging a land title, denounced by Art. 1006, P. C., and his punishment assessed at five years in the penitentiary.

We have carefully examined the statement of facts and find the same amply sufficient to support the verdict of the jury.

The appellant's bills of exception Nos. 5, 6 and 7, complain of the argument of the prosecuting attorney. We have carefully examined these three bills and hold that while the argument complained of should not have been indulged in by the State's Attorney, the same does not appear to have been appropriated by the jury, in view of the fact that they assessed the lowest penalty fixed by the law.

Bill of exceptions No. 8 complains of the action of the court in giving the following charge to the jury:

"It is sufficient if it appears that possibly someone might be injured or defrauded thereby."

We are unable to agree with the appellant's contention. That part of the charge complained of and quoted above is only a portion of paragraph 5 of the court's main charge, and when read and considered along with the entire paragraph it presents no error.

The appellant, by a number of bills of exception, complains of the learned trial judge's charge on principals. We are unable to agree with this contention. The statute on principals applies to all offenses, so far as forgery is concerned, exactly the same as if the statute was embraced in and made a part of the forgery statute. "Where several combine to forge and pass a forged instrument, accused doing one act and his confederates others, all are principals and may be prosecuted as such." See Phillips v. State, 6 Tex. Crim. App. 364; Dillard v. State, 177 S. W. 99; Ferguson v. State, 187 S. W. 476; Art. 1010, P. C.

The appellant, by his bills of exception Nos. 17, 18 and 19, insists that the indictment in a case of this character must allege, and the proof must substantiate, the intention to defraud and injure in some definite and specific manner, and contends that the charge of the court in the instant case instructed and authorized the jury to convict the appellant upon the basis of an indefinite and uncertain "intent to defraud and injure." We are unable to agree with this contention. This question is fully and ably discussed in the case of Decherd v. State, 283 S. W. 168.

There are other questions raised in the record, but we do not deem them of sufficient materiality to call for discussion.

There being no errors disclosed by the record, and the facts being sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It appears from appellant's motion for rehearing that the point now raised and relied upon escaped us in our original consideration of the case. Appellant did not testify as a witness upon his trial. He filed an application for a

suspended sentence.   His bill of exceptions No. 20 sets up that the state introduced four witnesses, each of whom testified that he knew the general reputation of appellant in the community in which he lived as to being a peaceable, law-abiding citizen, and that such reputation was bad.   Appellant had introduced no testimony on this point.   In this condition of the record, appellant, upon examination of the charge of the court prior to its being read to the jury, presented his written objection to same because it did not instruct the jury that the testimony relative to appellant's reputation could be considered by them only as affecting the granting of a suspended sentence, and that it should not be considered in determining whether or not appellant was guilty of the offense charged.   In this connection appellant presented a special charge seeking to have the jury told that the testimony relative to his reputation for peace and quietude was introduced and should be considered by the jury solely in connection with recommendation of a suspended sentence, and that the jury were not to consider said testimony as to his general reputation for any purpose whatever in determining the guilt of the accused of the offense charged.   This charge was refused.   In this connection, attention is further called in the motion for rehearing to the fact that there is a bill of exceptions complaining of the argument of the County Attorney to the jury in regard to the testimony as to appellant's bad reputation; said exception complaining that the County Attorney had argued to the jury that proof of such reputation might be considered by them in determining appellant's guilt.

The question raised in bill of exceptions No. 20 has been before this court before.   See Bride v. State, 218 S. W. 762, from which we quote:

"Evidence was admitted on behalf of the state attacking the reputation of appellant, and tending to show him guilty of other offenses than the one on trial.   The trial court failed to limit the purpose for which this evidence was admitted.   Appellant in due time and manner excepted to the charge of the court because of said omission, and no correction was made in said charge.   This should have been done.   The charge in such case should have limited the purpose and effect of such testimony.   The evidence was harmful to appellant.   Williamson v. State, 74 Tex. Crim. Rep. 289, 167 S. W. 360."

We are of opinion that testimony showing that the accused has the reputation, in the community in which he lives, of being a law-breaker, would necessarily be very harmful to him in the estimation of the jury.   We see no reason to doubt the correct-

ness of our opinion in the Bride case, supra. The hurt of the failure to limit the jury's consideration of said testimony to the purpose for which it was admissible, viz.: combating appellant's right to a suspended sentence, and that alone, is emphasized by the bill of exceptions complaining of the argument of the County Attorney and his wrongful use of the testimony before the jury.

The motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*