## G. B. MYERS V. THE STATE.

No. 11371.   Delivered February 29, 1928.

**1.—Robbery—Continuance—Bill of Exception—Necessary.**

Where a record discloses that a formal order overruling an application for a continuance was made, and the action of the court excepted to, a complaint of the court's action thereon will not be reviewed on appeal in the absence of a bill of exception.   Branch's Ann. P. C., Sec. 304.   Nelson v. State, 1 Tex. Crim. App. 44, and Bray v. State, 276 S. W. 244.

**2.—Same—Continued.**

An order taken from the minutes reciting that the court overruled the application and that appellant excepted thereto is not sufficient.   Nor will the complaint in a motion for a new trial suffice.   Nor will the notation on the application that appellant excepted to the action of the court in overruling said application take the place of a proper bill of exception. See Wesley v. State, 131 S. W. 1107, and Branch's Ann. P. C., supra.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for robbery, penalty ten years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson*, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery, the punishment confinement in the penitentiary for ten years.

Silas Hart was robbed in his store of the sum of $125.   The offender, by placing Hart in fear of his life, forced him to open the cash register.   The robbery occurred between 9:30 and 10 o'clock at night.   Hart and two other witnesses who were present identified appellant as being the offender.   Appellant did not testify, but introduced testimony to the effect that he was at another place at the time the offense was committed.

No bills of exception are found in the record.

The record contains a first application for a continuance, which has noted thereon, over the signature of the trial judge, the following:

"The above motion heard and overruled June 28, 1927, to which action of the court the defendant then and there excepted."

A formal order overruling the application showing that appellant excepted also appears of record.   The motion for new trial

was based in part on the overruling of the application, and appended thereto were the affidavits of the absent witnesses.

The action of the court in overruling the application for a continuance will not be reviewed on appeal in the absence of a bill of exception in respect thereto. Branch's Ann. P. C., Sec. 304; Nelson v. State, 1 Tex. Crim. App. 44; Bray v. State, 276 S. W. 244. An order taken from the minutes reciting that the court overruled the application and that appellant excepted is not sufficient. Wesley v. State, 131 S. W. 1107. Nor will the complaint in the motion for a new trial suffice. Branch's Ann. P. C., supra. Furthermore, the notation on the application to the effect that appellant excepted to the action of the court in overruling said application will not take the place of a proper bill of exception.

The evidence being sufficient to support the conviction, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.