### R. D. West v. The State.

No. 13194. Delivered March 26, 1930.
Reported in 26 S. W. (2d) 260.

The opinion states the case.

*Thomas C. Ferguson* and *Ben King,* both of Burnet, and *N. T. Stubbs* of Johnson City, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

Appellant filed an application for a suspended sentence, alleging therein that he was under twenty-five years of age. By his father it was shown that he was twenty-four years old at the time of his trial. The State introduced, as a part of its direct testimony, four witnesses who testified that appellant's reputation in the community in which he lived for being a peaceable, law-abiding citizen was bad. The issue of the reputation of appellant was raised by the filing of the application for suspended sentence. It was raised in no other way, and no evidence bearing upon this issue either pro or con was introduced by appellant. In this condition of the record he excepted to the charge of the trial court for its failure to limit the testimony of said four witnesses to the question of appellant's right vel non to a suspended sentence; and to the failure of the court to tell the jury that such testimony could not be considered under the law against appellant for any other purpose than to enable the jury to determine whether or not they would recommend such suspension of sentence in case of conviction. A similar proposition was before us in the case of Jones v. State, 291 S. W. Rep. 1105. It seems needless to here repeat or reiterate what was said in that opinion. While the evidence appears to be plain that appellant violated the law, the jury did not give him the minimum penalty affixed to such violation. It would be pure speculation for us to try to arrive at what may have influenced the jury to give him a greater penalty. It would not be at all debatable that the fact that a man had so lived as that his neighbors said generally that he had a bad reputation as a peaceable, law-abiding citizen, might easily be appropriated by the jury to the end of enlarging his punishment for any crime for which he might be on trial. Such might be the case here.

For the error of the failure to limit the testimony of appellant's bad reputation, as above indicated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*