LEWIS BEVERLY V. THE STATE.

No. 19468.   Delivered March 3, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*T. L. Price,* of Post, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of murder without malice; his punishment was assessed at confinement in the penitentiary for a term of four years.

This is the second appeal of this case. The opinion of this Court on former appeal is reported in 131 Texas Crim. Rep. 433, 99 S. W. (2d) 925. The salient facts are set out in our former opinion, and since the testimony adduced upon a second trial is not materially different, we do not deem it necessary to again state them.

Appellant, within the time and in the manner prescribed by law, urged a number of objections to the court's main charge upon which he now relies for a reversal of the judgment. His first contention is that the court erred in his instructions to the jury on the law of self-defense by limiting and restricting his right of self-defense to an attack threatening death or serious bodily injury, when, under the testimony, he was also entitled to an instruction on his right to defend against a milder or lesser attack. We have again reviewed the facts and are of the opinion that the appellant was not entitled to such an instruction. Had the issue of aggravated assault been raised, then there might have been some good reason for such a charge under Article 1224, P. C., and the cases of Holland v. State, 39 S. W. (2d) 35, and Lusk v. State, 100 S. W. (2d) 369; but such is not the case here.

His second contention is that the court erred in failing to limit the jury's consideration of the State's testimony showing appellant's bad reputation as a peaceable and law-abiding citizen, to the question of suspension of sentence. We are not in accord with him, because he not only filed a plea for suspension of sentence and proved that he had never been convicted of a felony in this or any other State, but went further and offered proof that his reputation was good. Therefore the State had a right to refute said testimony and it was not necessary for the court, in his charge, to limit said testimony as appellant contended. He cites us to the case of Jones v. State, 291 S. W. 1105. It will be noted that in that case, appellant had introduced no testimony as to being a peaceable and law-abiding citizen. He did not even take the witness stand, but merely proved that he had not been convicted of a felony in this or any other State. In the case of Castillo v. State, 26 S. W. (2d) 260, to which appellant refers, it will be noted that the issue of reputation of the appellant was raised by the filing of the application for suspension of sentence. It was raised in no other way and no evidence bearing on this issue, either pro or con, was introduced by the appellant. The State, however, proved that appellant's reputation in the community in which he lived

was bad. Consequently under the state of facts there presented, the court erred in not limiting said testimony.

His third contention is that the court erred in declining to instruct the jury that the offense would not be murder unless the appellant at the time entertained a specific intent to kill. The court instructed the jury on the law of murder with and without malice, on the law of self-defense and accidental killing. If the killing was not an accident as contended by appellant, then it would be intentional and if intentional, appellant had the specific intent to kill because he used a deadly weapon in such a manner as was clearly calculated to inflict death. Under the peculiar facts of the case, the charge of the court, we believe, was proper and reflects no reversible error. A careful examination of the opinion in the case of Vick v. State, 159 S. W. 50 (55), we believe will sustain the views herein expressed.

His fourth contention is that the court erred in failing to define the word "voluntary" in his instruction to the jury. He instructed the jury that if they believed from the evidence beyond a reasonable doubt that the pistol was discharged in some unaccountable way and that the shooting was accidental and without intention on the part of the defendant, and that the shot accidentally and without intention on his part struck the body of the deceased, then they should acquit. This, we think, was a sufficient instruction to the jury to serve as a guide in determining the question of intent; consequently we do not believe reversible error is shown.

Appellant next contends that the evidence is insufficient to support and sustain the verdict of the jury. We are not prepared to say, after taking into consideration all of the testimony, that it was insufficient as a matter of law to support the jury's findings. The jury evidently did not believe appellant's theory of accidental killing.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—In his motion for a rehearing herein the appellant has narrowed his complaints down to practically one

question, and that is the failure upon the part of the trial court to limit the testimony relative to the appellant's reputation as peaceable and law-abiding to the question of a suspended sentence only.

It is to be noted that appellant offered in evidence testimony as to his being a quiet and inoffensive negro, and as to honesty and fair dealing, and such testimony seemed to have taken rather a wide latitude, many of the witnesses basing their testimony alone on the proposition that appellant paid his debts. One of the witnesses, however, testified without objection on the part of appellant that "I thought enough of him [appellant] as a law-abiding citizen to give him a year around job." Another witness for appellant testified "I know the reputation that he bears as a quiet and inoffensive negro, and it is mighty good. I never did hear of him being arrested for a felony. I never did hear of him being in any trouble at all up there."

The appellant placed his reputation in issue when he applied for a suspended sentence. He then went further and for all purposes placed in issue his general reputation for being a quiet and inoffensive citizen, and for honesty and fair dealing. He then allowed, without objection upon his part, witnesses to testify as above quoted, giving their opinion as to the law-abiding qualities of the appellant, and his ability to stay out of trouble generally. We think the distinction that appellant attempts to draw herein is one without a difference, and we are constrained to overrule his contention that the court erred in failing to limit testimony of the appellant's bad reputation as to being peaceable and law-abiding to the question of a suspended sentence. If there was error, which we do not say, such was invited by the testimony offered, and also by that allowed to go before the jury without objection upon appellant's part.

The original opinion, wherein the case of Castillo v. State is mentioned, should read West v. State, 26 S. W. (2d) 260.

The motion is overruled.