### E. W. MOORE V. THE STATE.

No. 22027. Delivered March 18, 1942.
Rehearing Denied April 22, 1942.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) April 29, 1942.

The opinion states the case.

*C. C. Denman, S. M. Adams,* and *H. L. Edwards,* all of Nacogdoches, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted of the murder of J. W. Adams and sentenced to fifty years in the penitentiary. The offense is alleged to have been committed on September 23, 1941. The indictment was returned October 10, following, and the case was called for trial on November 4th.

Reversal of the case is sought on the ground that (a) The Court erred in refusing to grant appellant's motion for continuance; (b) failed to charge on circumstantial evidence; (c) failed to properly limit by his charge the consideration which the jury may give to the evidence of general reputation; and, (d) several bills complain of the admission in evidence of testimony as to general reputation without witnesses properly qualifying to give the same.

As grounds for continuance appellant alleged that he had been suffering from a complaint commonly known as "piles"; that it grew severe and painful so that he had an operation on the 19th day of October, 1941, under the advice of his physician; that to do so he took an anesthetic and was confined to a hospital for a period of eight days; that he became weakened, lost flesh and was unable to prepare for trial in any of the various details reasonably expected of a client to assist his attorneys in securing the evidence, examining and selecting a jury and in consultation even during the trial of the case. Evidence was heard on this motion, which is brought forward in the record, and the contention is made that the court abused his discretion in overruling said motion.

Appellant relies on Reid v. State, 133 S. W. (2d) 979, in which the question is discussed thoroughly, expressing the views of the writer and of this court. We have examined the evidence with great care and reviewed the authorities relied on in the Reid case and have come to the conclusion that the doctrine there announced does not aid appellant in this appeal. Dix v. State, 155 S. W. (2d) 924, is applicable and we refer to that case as authority for our conclusion and for a further discussion of the law. In the case before us appellant came into the court house, was present at all times, presented evidence which apparently brought his claim before the court. On the record as presented the trial court would have been justified in granting the motion, yet, there is nothing to indicate that he abused his discretion in overruling it. He saw the party and was able to judge his physical condition and pass upon his ability to assist counsel. No doctor said he would be injured by being there. This was the chief question in the case. There is nothing that would justify this court in holding contrary to that found by the trial court. Further, the question is not properly before us by bill of exception. Fromm v. State, 39 S. W. (2d) 67; Myers v. State, 3 S. W. (2d) 438, 109 Tex. Cr. R. 130.

Appellant's second complaint is embraced in the bill of exception showing objection to paragraph eleven of the court's charge. It is there contended that because appellant testified he did not intend to kill Adams that the court should permit a charge on circumstantial evidence. The facts of the case are detailed by a number of witnesses. Both those for the State and the appellant indicated that bad blood had existed between the appellant and deceased for some period of time. Adams resided on appellant's farm and had not used the premises and cultivated the land in accordance with appellant's idea. When fall came he took a job in a gin instead of personally supervising the gathering of the crops. Messages passed back and forth between them and they had met and discussed it on a former occasion. Finally, appellant went to the gin in his car. While remaining seated in it he called deceased to him and the matter was approached again. After a brief conversation the deceased turned and ran towards the gin and down by the side of it. The appellant jumped out of his car and, taking his open knife in his hand, gave chase to him and struck him one time, inflicting a fatal wound. There is no material dispute in the evidence about how this occurred and there is no question that the wound produced death. The facts testified to in the case were properly submitted to the jury and upon it

they were to determine the guilt of the party on trial. The court charged on murder with malice and murder without malice. Evidence of the things that had taken place prior to the killing were properly before the jury for its consideration. Just what circumstance must be relied upon to call for a charge on circumstantial evidence is not pointed out either by the bill or by appellant's brief and we are unable to agree with the contention that one should be given. Where there is direct evidence of the killing, but the party on trial claims he had no intention to kill, a charge on circumstantial evidence is not required. Branch's Ann. Penal Code, Sec. 1874, and authorities there discussed. See also note 146 under Art. 658, Vernon's Ann. C. C. P. Vol. 2, page 270.

The third complaint presents the bill of exception to the court's refusal to give a charge restricting the consideration that the jury may give to the evidence of general reputation. The record substantiates the court's qualification of this bill which may be summarized as follows:

When the charge as prepared by the court was submitted to attorneys for appellant they filed a number of objections, one being to the effect that appellant had filed an application for a suspended sentence and that the court had failed to instruct the jury for what purpose they may use the State's evidence in regard to the defendant's reputation as a peaceful, law-abiding citizen and they asked that the jury be instructed "that they cannot consider this testimony for any purpose in passing upon the guilt or innocence of the defendant, and that said testimony can only be considered in passing upon the question of whether he is entitled to a suspended sentence or not." The court considered this objection and then prepared for submission paragraph twenty-four of the charge in which he instructed the jury that they "must not consider any evidence adduced in this cause as to the general reputation of defendant for any purpose, unless you have found the defendant guilty to the satisfaction of your minds beyond a reasonable doubt and have assessed his punishment at confinement in the penitentiary for a term of five years or less, or some lesser punishment," and further finding the things required by statute. He further told them that they must not consider such evidence in determining the guilt or innocence of the party on trial or in passing upon his credibility as a witness. When this paragraph was prepared and submitted to the attorneys they objected to it, saying, "that the defendant

offered testimony as to his general reputation as being a peaceful and well-liked man in the community where he lived and was best known, * * * not only upon the question of passing on the defendant's right to suspend his sentence," but for other purposes and for the further reason that it was a charge upon the weight of the testimony and highly prejudicial to defendant's legal rights. The court considered this objection and concluded that by it the appellant waived his right to have the evidence restricted to the purpose of considering his application for a suspended sentence. We agree with that conclusion. (Frazier v. State, 268 S. W. 165.) We have considered the authorities presented by appellant's brief and do not believe that they are applicable to the question of waiver. Certainly West v. State, 26 S. W. (2d) 260; Jones v. State, 291 S. W. 1105; Williamson v. State, 167 S. W. 360, and Beverly v. State, 115 S. W. (2d) 652, do not so hold. It is appellant's contention that the bill of exception conclusively shows that the only way or manner that defendant's general reputation made an issue was by his filing an application for a suspended sentence and that we are bound by the bill. The qualifications which come to us as a part of the bill set forth the contention of appellant that evidence was introduced. If there is controversy about it and resort is had to the statement of facts and to the other bills of exception found in the case, no doubt exists that evidence was introduced on the subject.

The fourth ground upon which the appeal seeks a reversal of the case pertains to the testimony of a number of witnesses which was permitted to go before the jury. Each of these witnesses testified to the bad reputation of appellant in the community in which he lived, and then admitted that the information on the subject was based upon things heard since the commission of the offense for which appellant was on trial. Evidently both the prosecution and the defense, as well as the trial court, overlooked the holding of this court in Ott v. State, 235 S. W. 903, and cases following it, holding that the jury was entitled to consider the reputation of a party seeking a suspended sentence up to the very time of the trial. From Mason v. State, 236 S. W. 93, we quote the following:

"When the question of suspended sentence became an issue, the character of accused at the time of the trial, the time he is seeking a suspended sentence, is the matter which the jury is to determine, and not alone his character prior to the time of

the alleged commission of the offense for which he is on trial. Williams v. State, 83 Tex. Cr. R. 26, 201 S. W. 188."

The conduct of a party after the offense and before the trial who seeks a suspended sentence is of as much consequence in passing upon that issue as is his conduct prior to the commission of the offense. When so admitted it should be restricted in the court's charge to a consideration only of whether or not he is a proper subject for a suspended sentence. This holding eliminates further consideration of the bills of exception and it is our conclusion that the trial court did much more than was incumbent upon him in withdrawing the evidence of several witnesses and in instructing the jury not to consider the same.

The penalty assessed is severe, but we are unable to say that it was not warranted under the facts found in the record.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant makes the same contentions which he made on the original submission of this case. He first re-asserts that the trial court failed in his charge to the jury to limit and restrict the testimony introduced by the State in rebuttal of that introduced by the appellant relative to his good reputation in support of his plea for a suspension of sentence in the event of his conviction. The bill complaining thereof is qualified by the court who states in his qualification that appellant objected to the court's charge because it failed to limit the jury in their consideration of said testimony to the purpose of determining whether they would recommend the suspension of sentence in case they found him guilty and assessed his punishment at confinement in the state penitentiary for a term not exceeding five years; that upon the presentation of said objection he then amended his charge and did limit and restrict the jury in their consideration of said evidence to the purpose for which it might be considered by them; that appellant then again objected to the court's charge because it was a limitation on the testimony; that the jury had a legal right to consider it for all purposes in passing on the guilt or innocence of the defendant, etc.; that thereupon the court withdrew said

paragraph from his charge. Appellant accepted the bill with the qualification and is bound thereby. A defendant will not be heard to complain of the court's action in withdrawing certain paragraphs from his charge to which objections were addressed in due time, as in the instant case. See Frazer v. State, 268 S. W. 164, 99 Tex. Cr. R. 89.

After a most careful review of the record in the light of all appellant's other contentions, we remain of the opinion that the case was properly disposed of on the original submission thereof. We therefore overrule the motion for rehearing.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.