PAT REED V. THE STATE.

No. 22046. Delivered April 1, 1942.
Rehearing Denied May 27, 1942.

The opinion states the case.

*D. H. O'Fiel,* of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of assault to murder and assessed a penalty of two years in the penitentiary.

There are no bills of exception in the case. Brief has been filed on behalf of appellant setting up two assignments of error. As often repeated, this court is but little concerned with assignments of error. We look to the bill of exception to present appellant's complaint.

We are asked to reverse this case because the court refused to grant appellant's first motion for a continuance. Only a bill of exception will bring this question before us for review. Myers v. State, 3 S. W. (2d) 438; 109 Tex. Cr. R. 130; Fromm v. State, 39 S. W. (2d) 67, and Moore v. State, No. 22,027, recently decided by this court but not yet reported. (Page 145 of this volume).

It is true that appellant filed a motion for new trial and made complaint because of the court's failure to grant his motion for continuance. No bill of exception was taken to the court's conclusion in overruling the same, nor would it avail to bring the question before us if there had been.

Finding no error presented for our consideration, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The order overruling the motion for new trial embraced appellant's exception to the court's action upon the motion. It was not necessary to preserve the point by a bill of exception.

However, the complaint because of the denial of a continuance must be reserved by a bill of exception. Some twenty or

more cases are cited under Note 7, Sec. 151, p. 211, Vol. 4, Tex. Jur. We see nothing taking this case from under the general rule on the subject.

The motion for rehearing is overruled.