## E. M. MARTIN v. THE STATE.

No. 22097.  Delivered May 6, 1942.
Rehearing Denied June 10, 1942.

314

The opinion states the case.

*Conrad E. Smith,* of Houston, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of keeping and exhibiting a gaming device and assessed a penalty of two years in the penitentiary.

It is shown by the evidence that appellant placed in the business establishment of Joe Bostick a marble machine which by its own operation under some conditions would give free games to the player. We have heretofore held that the operation of this kind of machine is a violation of the law. (See Broadus v. State, 150 S. W. (2d) 247.) The evidence further

discloses that appellant made a contract and agreement with Bostick to furnish the machine in the latter's place of business and that a party would come at intervals to take the nickels deposited in it and divide them equally with Bostick. The evidence amply shows that the machine so operated was the property of appellant, though others would come and collect the money apparently for him.

The record presents eight bills of exception, the first of which deals at length with the selection of the jury panel for the week. We have carefully examined this and find nothing in the selection of the panel as presented by the bill of which appellant may complain.

Appellant complains in bill of exception number two of the action of the court in refusing to permit him to prove that the City Council of the City of Houston "passed a motion instructing the tax collector of the City of Houston to collect taxes on marble table machines and permit them to run in the City of Houston." We note his candid admission in the brief that the licensing of a gambling device "does not make it legal or give it any license to run." This admission is a correct proposition of law and forcefully disposes of the bill.

Bill of exception number three complains of the testimony of an officer who played on the machine who said he was familiar with the operation of such machines and told how it would give free games. We see nothing improper about this evidence.

Bill of exception number four complains of the failure of the court to instruct the jury to find the defendant not guilty and is based on the contention that the record does not show that appellant knew any gambling was taking place on this machine. We note that this bill is qualified by the court with the statement that "the statement of facts is made a part hereof as to issues raised in this case." It is shown by the officer above referred to that the machine was made so as to automatically give the free games. It was placed there under appellant's contract with Bostick and this, together with the other evidence in the case, will be sufficient to authorize the jury to find that appellant knew it was being operated in violation of the law.

Bill number five complains of the failure of the court to define a gambling device in his charge. The undisputed evidence

in this case shows it was a gambling device and the court properly so instructed the jury rather than leaving it as an issue for the jury. There being no issue of fact on this point, it did not become necessary for the court to give the jury a charge on the law to direct them in disposing of such an issue.

Bill of exception number six informs this court of appellant's request for a special charge telling the jury that Bostick was an accomplice as a matter of law; that in gaming cases the testimony of an accomplice may be sufficient without corroboration and, further "you should scrutinize carefully the evidence of the accomplice and see if he has any motive or interest or any reason for giving said testimony, and it is up to you to see whether or not you should accept his testimony and, even then, you should accept the testimony with caution." He further asked the court to charge them that in all other cases than gaming the testimony of an accomplice must be corroborated and that the existence of the offense itself is not sufficient corroboration; that the statute makes exception in gaming cases. This would probably have been an interesting fact for the jury to have known, but wholly out of place. Apparently, the purpose was to use this exception in order to create a prejudice in the minds of the jury against the evidence of the witness Bostick, but the Legislature did not consider that proper, and specifically provided that the accomplice's testimony in such cases need not as a matter of law be corroborated, as admitted by appellant.

Bill of exception number seven is disposed of by the conclusions hereinabove reached.

Bill number eight sets out by lengthy verbiage that on the day prior to the call of appellant's case one John Plainous was convicted of a similar offense; that the officer Stodghill was a witness in that case as well as this one. That on the following day, September 9, this appellant was charged in another case similar to the one before us and that the State called a witness, John Platis, in behalf of the State; that when he had finished testifying, the District Attorney, within hearing of the jury, instructed that the witness Platis be charged with perjury. Thereupon the jury in that case was instructed to return a verdict in favor of this appellant of not guilty. The jury was then discharged and mingled with the others of the panel. The case before us was called on the following day, September

10, and is for a similar offense to that for which he was acquitted. Among the jury list of thirty-six, from which the jury in this case was selected on September 10, were seven who had served in the Plainous case. It also developed that there were ten others who had not served in the Plainous case but who had heard from conversation of the results of it. Some also knew of what had happened in the previous case against this appellant. At the request of appellant the court instructed the panel that this appellant had nothing whatever to do with the action of the witness John Platis; that in the former case this appellant was found not guilty and that nothing transpiring therein should be held against this appellant.

On examination of each juror it was stated by each one respectively that he had no bias or prejudice against this defendant or his case. If we properly interpret the bill, the complaint intended to be brought to us is that these men should have been stricken from the list. The particular reason therefor has not been sufficiently discussed in appellant's brief to enable us to pass upon the question of law which he has in mind and we are unable to give him any assistance, as it is our conclusion that no error is shown. The bill recites "that the facts were such as it would as he now contends prevent him from receiving a fair and impartial trial." Just what facts the appellant has in mind and to which he refers do not appear to us because the bill fails to point them out. He only says that the court's action was harmful and damaging to him, but there is no explanation as to how it was.

Appellant filed a motion for a continuance when his case was called, but there is no bill of exception presenting this matter for our consideration and it is well settled that this complaint can only be brought to this court by bill of exception. Fromm v. State, 39 S. W. (2d) 67; Myers v. State, 3 S. W. (2d) 438, and Moore v. State, No. 22,027, not yet reported. (Page 145 of this volume.)

Finding no error, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

As submitted by the trial court in his charge to the jury, the count in the indictment upon which this conviction is predicated

charged that appellant did directly and through his agent, Joe Bostick, "unlawfully keep and exhibit for the purpose of gaming, a gaming device, to-wit, a marble machine."

Appellant, in his motion for rehearing in this court, for the first time attacks the sufficiency of the indictment and insists that the term "marble machine" is vague, indefinite and uncertain; and that, in addition thereto, the allegation that the offense was committed directly and through an agent renders the indictment duplicitous.

An indictment that is fundamentally defective as a matter of substance may be attacked for the first time in this court. Branch's P. C., Sec. 251; Osborne v. State, 245 S. W. 928, 93 Tex. Cr. R. 54. The instant indictment was not subject to the defect alleged, but, to the contrary, was valid and sufficient. It alleged the statutory elements necessary to constitute a violation of the statute (Art. 619, P. C.). The State is not required in its pleading to set forth its evidence. The indictment was not duplicitous as contended by appellant. Stevens v. State, 159 S. W. 505, 70 Tex. Cr. R. 565. Moreover, a duplicitous indictment is not fundamentally defective. Villalva v. State, 151 S. W. (2d) 222; Boyd v. State, 39 S. W. 55, 118 Tex. Cr. R. 532.

Appellant insists that we were in error in the disposition made of the matters complained of in his Bills of Exception Nos. 1 and 2. We have again examined the record touching these matters, and remain of the opinion as originally expressed.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.