# NOVEMBER 3, 1943

### ATANACIO BARRERA V. THE STATE.

No. 22562. Delivered June 23, 1943.
Rehearing Denied November 3, 1943.

The opinion states the case.

*Julian LaCrosse,* and *R. H. Gutierrez,* both of Del Rio, for appellant.

*Spurgeon E. Bell, State's* Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of fifty years in the penitenary upon his conviction for murder with malice. He is alleged to have murdered Jose Constancia by shooting him with a pistol on the 21st day of June, 1942.

It is not necessary to review the facts of the case as presented by the State. The charge is amply supported. Appellant did not testify but his written confession was introduced by the State. The State's evidence as to the things that took place is not contradicted by anyone.

The complaint for which a reversal is asked is because of the failure of the court to grant appellant a continuance for the absence of a witness. A motion for continuance should be considered by this Court only when presented by bill of exception. Reed v. State 162 S. W. (2d) 109; Martin v. State 162 S. W. (2d) 722; Moore v. State 161 S. W. (2d) 83, and authorities discussed. However, in view of the fact that this appeal is from a sentence of fifty years, we have examined the record and find that the complaint is without merit, though it is not discussed because not properly before us.

Among the defenses offered by appellant was the insane state of his mind contributed to by reason of the killing of one of appellant's brothers some years prior thereto by a cousin of the deceased, with the claim that deceased was present and, in view of appellant, was somewhat to blame for that killing. The testimony of another brother of appellant, taken before his departure for service in the Army, was offered in evidence to show the fact of the former killing and the presence of deceased (Jose Constancia), and the details of the affair, involving Jose, who appears not to have been prosecuted for it. The details in-

dicating Jose's participation in such killing were excluded by the trial court, while that part of the evidence telling of the killing and of Jose's presence was admitted. All of this testimony is set out in detail and the bill approved by the court says that he excluded a part under authority of Poole v. State, 76 S. W. 565. We are unable to find that this question has been before us since the Poole case was decided. A full and further study of the question has been made and we are of the opinion that the holding in the Poole case on that particular question was proper and that it decided the identical question with which the trial court was confronted. The same ruling will be adhered to in this case and appellant's bill presenting the same is without merit.

We find no other question in the case for consideration and the judgment of the trial court is accordingly affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In appellant's motion for rehearing he says only that this court erred in holding that his bill of exception number one was without merit, and that Poole v. State, 45 Tex. Cr. R. 348, 76 S. W. 565 was decisive of the question. It is not pointed out why appellant thinks we erred in the original opinion.

A further investigation of said bill convinces us that we did err in considering it at all. It concerns the evidence of Abel Barrera, a brother of appellant. Knowing that Abel would be in the army when the trial of appellant would be had, it was agreed between the State and appellant that Abel's testimony be taken before the court and used by either the State or appellant upon the trial subject to any objections which might be urged if the witness was testifying in person. The testimony of the witness as incorporated in the bill consists of seventeen pages of questions and answers. Appellant offered the whole of Abel's testimony in evidence. The State objected to certain parts. The Court admitted some and excluded others. There is no certificate of the trial judge that it was necessary for the bill to be in question and answer form. It is manifest that no such necessity existed because that part of Abel's testimony which was admitted by the Court appears in the statement of facts in narrative form. The bill could just as easily have stated in narrative form that part which was excluded, and have presented in a half dozen lines what covers at least eight pages of questions and answers. The last sentence in Section 3, Art.

760 C. C. P. reads as follows: "Such stenographer's report, when carried into the statement of facts or bills of exception, shall be condensed so as not to contain the questions and answers except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved." Many cases giving application of said statute will be found collated in Pocket Part, Vol. 3, Vernon's Tex. C. C. P., Art. 760, Note 58. Peters v. State, 138 Tex. Cr. R. 613, 137 S. W. 1008.

However, having in our original opinion considered the bill, we have again examined it. The record shows that more than two years before appellant killed Constancia one Antu had killed Vidal Barrera, a brother of appellant, by stabbing Vidal with a knife. The record reveals that upon this trial of appellant for killing Constancia the State introduced in evidence appellant's confession in which he said, "Constancia was not indicted for the murder of (my brother), and since the death of my brother I have vowed that I would kill Jose Constancia the first time I had the opportunity to do so." The confession then goes on to indicate no opportunity had presented itself before the killing actually took place. In the confession appellant made the statement that his brother Vidal had told appellant that Antu stabbed him while Constancia was holding him (Vidal); that Constancia held his (Vidal's) arms down so that he could not defend himself, and also told appellant to "avenge his blood." This part of the confession was not introduced by the State. As soon as the State rested appellant introduced that part of his confession which had not been offered by the State. He then offered the whole of Abel Barrera's evidence which had been theretofore taken, in which Abel claimed to have been present when Vidal was killed, and that in fact Constancia held Vidal while Antu stabbed him. This is the part of Abel's testimony which was excluded upon objection by the State. The correctness of the ruling of the trial court upon the reception or rejection of evidence must of necessity be predicated upon the condition of the record and the development of the case at the time the ruling is made. It will be noted that when appellant offered the testimony as to how the killing of Vidal actually occurred no issue had been made, or was ever made, upon that point, and appellant's statement as to what Vidal had told him then stood uncontradicted and unchallenged. It was under these circumstances that the court ruled excluding the evidence complained of, stating in the bill that he thought the holding in Pool v. State (supra) controlled. Later in this trial the State proved that upon the trial of Antu for killing Vidal appellant

had testified that the only thing Vidal had told appellant was to "avenge his blood." This was offered by the State to impeach that part of appellant's confession which he himself had placed in the record. After this contradicting evidence had been introduced if appellant had again offered the evidence of Abel Barrera which had theretofore been excluded the principle recognized in Thompson v. State, 115 Tex. Cr. R. 337, 29 S. W. (2d) 343 might have been persuasive towards its admission. However, we express no definite opinion on that point because same is not raised.

Under the record as we find it we are constrained to overrule the motion for rehearing.