# DECEMBER 6, 1944

ROY DEMING V. THE STATE.

No. 22968. Delivered December 6, 1944.

The opinion states the case.

Mat Davis, of Gilmer, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of six years in the penitentiary on a charge of burglary.

The indictment in the case was returned on the fourth day of July, 1944, alleging the offense to have been committed nearly a year previous thereto. On the eleventh day of July, following the indictment, a bench warrant was issued for appellant who was then in jail in another county and he was returned to Shelby County and placed on trial on the seventeenth day of July. The accused had been represented for some time by Mat Davis, an attorney of Gilmer, Texas, who was unable to attend court on account of illness as reflected by a motion for continuance found in the record. This motion was overruled by the court and that is the chief grounds urged as error but its merits can not be considered on this appeal because it is not brought forward by a bill of exception. Moore v. State 161 S. W. (2d) 83; Reed v. State, 162 S. W. (2d) 109; Martin v. State, 162 S. W. (2d) 722; Barrera v. State, 174 S. W. (2d) 735; Chavez v. State, 181 S. W. (2d) 85.

We find other bills of exception in the record pertaining to matters that will not be discussed for the reason that we think the evidence is insufficient to sustain the conviction. The State relied solely upon a written confession made by the accused dated April 15, 1944. It is sufficiently proven that the crime of burglary was committed but there is no evidence connecting appellant with the crime save and except the confession. This varies from the allegations in the indictment and can not support a conviction. The time of the commission of the offense, as reflected by the confession, is subsequent to the date the confession was made and therefore an impossible date. It was also subsequent to the date of the return of the indictment, and to the trial of the case, hence cannot support the conviction. Kincaid v. State 8 Tex. App. 465; Clements v. State 22 Tex. App. 23, 2 S. W. 379. See also Vernon's Ann. C. C. P., Article 396, Note 12; and Indictments, Vol. 21, Key No. 176, Texas Digest.

The judgment of the trial court is reversed and the cause is remanded.