JAMES MANN V. THE STATE.

No. 23103. Delivered April 11, 1945.
Rehearing Denied May 30, 1945.

The opinion states the case.

*C. O. McMillan*, of Stephensville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was sentenced to the penitentiary for three years on a charge of assault to rape.

The most insistent question raised in this appeal is based on the appellant's motion for a continuance which was overruled by the trial court. The record, however, does not contain a bill of exception complaining of this action and consequently the matter is not before us for consideration. Barrera v. State, 174 S. W. (2d) 735; Chavez v. State, 181 S. W. (2d) 85; Moore v. State, 161 S. W. (2d) 83; Martin v. State, 162 S. W. (2d) 722; and Reed v. State, 162 S. W. (2d) 109.

A motion for a new trial was filed, which complains of the failure of the court to grant the continuance. This question will not be considered because there is no bill of exception complaining of the overruling of the motion. Branch's Ann. P. C. Sec. 304, and authorities there cited.

Other questions raised by the appeal are based on the claim that the evidence was insufficient to show a higher grade of offense than aggravated assault and on the refusal of the court to give the special requested charge of the defendant, as shown in his only bill of exception. This related to a question of jurisdiction of the District Court of Erath County. The two questions will be discussed together.

The prosecuting witness was Mrs. Ruby Cotten who, with her husband, had been employed in Oklahoma City from which place she was returning to her home at Hasse, Texas. On the night in question she arrived in Fort Worth and, finding that a bus would not leave until a late hour, proceeded to the highway, in the direction of Dublin, for the purpose of "catching a ride." The appellant was a driver for Johnson Motor Truck Lines from Fort Worth to San Angelo, through Stephenville, Dublin and Comanche. At about ten o'clock that night he permitted the prosecuting witness to ride with him. When they reached a point definitely stated to be in Erath County he drove into a roadside park, and there made his first attempt to assault the prosecutrix. She resisted his efforts successfully until another employee of the motor truck company happened to arrive on the scene. It was against the rule of the company to permit passengers to ride with a driver without a special company pass. This witness testified that he saw the appellant and a woman at the truck and he recognized the voice of a woman hollering. Appellant's efforts being

interrupted by this witness, he resumed his seat at the wheel and drove away before the prosecutrix could get her baggage and escape from the truck. Thus she was, according to her testimony, compelled to ride on some distance into the adjoining county where he again stopped and continued his assault in a much more vigorous and aggravated manner. He told what he was going to do and threatened her if she refused him. The other employee had driven ahead of the truck and, upon seeing the lights of appellant's truck go out, he turned his car and went back to the scene of the assault. There he found the prosecutrix engaged in a struggle with the appellant out in the road. His statement corroborates that given by the prosecuting witness who very positively testifies to facts which constitute an assault to rape. The witness told of the outcry made by the woman who approached his car and frantically insisted on being rescued by him from her assailant. The witness took her to the Sheriff of that county who returned with them to the scene of the final round in the assault and found the truck deserted by the driver. She recovered her luggage and apparently the physical facts corroborated the story which she told of the assault. Appellant did not testify and produced no evidence in denial of that presented by the State. The evidence, if believed by the jury, amply sustains the verdict. The complaint made that the evidence was insufficient to show him guilty of a higher grade of offense than aggravated assault will not be sustained. It further shows, according to the prosecuting witness, a continuous assault which started in Erath County and terminated in Comanche County. His act in forcing her to remain in the truck was a pertinent part of the assault. There should be no question about the jurisdiction of the District Court of Erath County and the complaint made as to the charge need not be discussed.

Having disposed of all of the questions raised by the appeal, contrary to appellant's contentions, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant challenges the correctness of our conclusion that the facts showed a continuous assault beginning in Erath County and terminating in Comanche County. He insists that the facts show separate and distinct assaults in each of the counties and that, by reason thereof, he was entitled to have the jury instructed that a conviction could not be predicated upon the assault occurring in Comanche County. A special charge embodying this contention was requested and refused by the trial court.

If appellant's version of the facts be accepted—which is not conceded—it appears that the charge of the trial court, when considered as a whole, protected him against the contingency he sought to have avoided by the special charge, which was that a conviction could not be predicated upon the Comanche County assault. We find that the events occurring in Comanche County were by the trial court expressly limited before the jury to the issue of intent, only.

We remain convinced that the case was correctly disposed of originally, and the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.