Henry Hank THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00062–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 10, 1993.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Dist. Atty., Scott Durfee, Asst., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and HEDGES, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Appellant, Henry Hank Thomas, was convicted by a jury of aggravated robbery. Appellant pled true to the allegations in an enhancement paragraph, and the jury assessed his punishment at confinement for 27 years. We affirm.

 In point of error one, appellant contends that his conviction should be reversed because the evidence failed to establish the date that the indictment was presented, and therefore there was no proof that the offense occurred *after* the indictment was presented.

 "The State may secure a conviction when it proves the offense was committed any time before the return of the indictment within the period of limitation." *Branson v. State*, 825 S.W.2d 162, 167 (Tex.App.—Dallas 1992, no pet.); *see also Gottlich v. State*, 822 S.W.2d 734, 740 (Tex. App.—Fort Worth 1992, pet. ref'd). The State proved that the offense occurred on June 18, 1991. The indictment was returned on July 2, 1991. The State, therefore, clearly proved that the offense was committed before the return of the indictment and within the period of limitation.

Appellant, however, contends that the State has the burden of *proving to the jury* when the indictment was returned, in order to put evidence before the jury that the return of the indictment preceded the commission of the offense. We disagree that the State has this burden. Appellant cites no authority on point for this proposition, and we know of none. Nor can we perceive any reason for such a requirement. Using this case as an example, we seriously doubt that the lack of proof to the jury on when the indictment was presented made the jury wonder if the offense occurred *before* the presentment of the indictment. The jury would have had to believe that appellant was indicted for the commission of an aggravated robbery against this particular complainant on or about this particular date, and then went out and fulfilled the grand jury's prophecy by committing that exact offense.

It is well settled that when the State's proof establishes that an offense occurred *after* an indictment was presented, the evidence is insufficient to support the defendant's conviction for that offense. *See, e.g., Deming v. State*, 147 Tex.Crim. 634, 183 S.W.2d 730 (Tex.Crim.App.1944); *Walker v. State*, 133 Tex.Crim. 300, 110 S.W.2d 578, 580 (Tex.Crim.App.1937). This rule, and the concomitant rule found in *Branson* and like cases that the State must prove that the offense occurred any time before the return of the indictment within the period of limitation, are sufficient to protect a defendant's interest in having the jury know that the offense occurred before the indictment was presented.

We overrule point of error one.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. We affirm the judgment of the trial court.