**James Edward CLOWERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35295.**

Court of Criminal Appeals of Texas.

Feb. 20, 1963.

Don M. Wilson, F. T. Gauen, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., H. D. Nicholson, Maurice Harrell and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, 30 days in jail and a fine of $200.00.

Patrolmen Heard and Wages testified that they observed a speeding automobile and gave chase, that the automobile accelerated its speed when they turned on

their red light, but finally came to a halt at a signal light some mile away. They testified that during the chase the automobile weaved across the center stripe several times. When they approached the automobile at the signal, appellant was the driver and had a strong odor of alcohol about his breath, swayed and staggered as he walked back to their patrol car. They had difficulty in placing appellant and his companion under arrest and called for aid. They both testified that, from his manner of speech, the look of his eyes and his manner of walking, they formed the opinion that he was intoxicated. In this conclusion, they were corroborated by the other officers who came to the scene in answer to their call for aid.

Appellant, his companion and the bartender at the bar where they had been shortly prior to the arrest testified that they had drunk only two, or possibly three, beers and that appellant was not intoxicated.

■ The jury resolved the conflict in the evidence against appellant, and we find it sufficient to support the conviction.

■ We shall discuss the contentions advanced by brief and in argument. The first complaint relates to the manner of drawing the names to be placed on the jury list and is brought forward only in a motion, together with the court's ruling thereon. Assuming, without agreeing, that this might be construed as a motion to quash the panel so that the error, if any, might be preserved under Article 760e, Vernon's Ann.C.C.P., still the same is insufficient because no exception to the action of the court in overruling the same is shown. Smith v. State, 166 Tex.Cr.R. 294, 313 S.W.2d 291.

We also call attention to the fact that this motion was filed more than 90 days after the giving of notice of appeal, and Section 4 of Article 759a, V.A.C.C.P., as amended, grants the trial court authority to extend the time of filing to the statement of facts *only*.

■ Appellant's next complaint relates to the cross-examination of one of his reputation witnesses. This question was propounded, "Had you heard that on March 12th of 1950, that he was arrested for affray and fighting?" The objection was that such incident was too remote, and the court at once sustained the objection, stating that he was doing so on the grounds of remoteness. No motion was made to have the jury instructed not to consider the unanswered question, but a motion for mistrial was overruled. Without passing upon the question of whether the rule of remoteness applies to questions propounded to reputation witnesses, we hold that the prompt action of the court cured the error, if any, especially in the absence of a showing that the question was propounded in bad faith.

No reversible error appearing, the judgment of the trial court is affirmed.