**Willie Lee BRYANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40964.**

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

John Richard Howard, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Erwin G. Ernst, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder without malice; the punishment, 5 years.

The indictment alleged that appellant, with malice aforethought, killed Robert Lee Moore by shooting him with a gun. The case was submitted to the jury as an accidental killing by appellant, while wilfully committing an assault upon the deceased with a pistol which he was unlawfully carrying on or about his person. (Art. 42 P.C. and Art. 1151 Vernon's Ann.P.C.)

The jury rejected the plea of self-defense and found that the assault and killing were without malice.

Seven grounds of error are set forth in defendant's brief filed in the trial court. The first five relate to the overruling of motions made or filed on the day of the trial.

The first motion was to require the state to produce the grand jury minutes pertaining to the proceeding which resulted in the return of the indictment.

In the absence of any showing of a particularized need for such record, the trial judge did not err in overruling the motion. Bryant v. State, Tex.Cr.App., 397 S.W.2d 445.

The second motion was for Discovery, Inspection and Copying (Art. 39.14 Vernon's Ann.C.C.P.).

The trial court ordered the state to produce photographs taken at the scene of

the killing, and received a commitment from the state that it did not have the gun and did not intend to introduce the slug or bullet. Copy of the autopsy report was tendered appellant's counsel and he was advised by the court that the autopsy report was a public record. Also the trial court received a commitment from the district attorney that he had no written statement of the appellant which he proposed to use at the trial.

The refusal of the court to grant the motion as to offense reports and tangible evidence not shown to have been available at the time, if in fact such existed, is not ground for reversal.

The third motion was for an examining trial.

Appellant having been indicted August 22, 1966, his motion for an examining trial presented March 8, 1967, came too late. Trussell v. State, Tex.Cr.App., 414 S.W.2d 466; Ash v. State, Tex.Cr.App., 420 S.W.2d 703.

The fourth and fifth motions were for a continuance. The motions were addressed to the discretion of the trial court and it is not shown that he abused his discretion in overruling them.

The sixth ground of error relates to "Have you heard * * *" questions propounded to a character witness called by the defense. No reversible error appears. Villarreal v. State, Tex.Cr.App., 384 S.W.2d 891; Ellis v. State, Tex.Cr.App., 379 S.W.2d 342; Vance v. State, Tex. Cr.App., 365 S.W.2d 182; Clowers v. State, Tex.Cr.App., 365 S.W.2d 14.

The remaining ground of error relates to oral objections to the charge of the court which are insufficient. Art. 36.14 V.A.C.C.P.; Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

The judgment is affirmed.