**Charles Larkin GRAHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43551.**

Court of Criminal Appeals of Texas.

March 24, 1971.

Rehearing Denied May 26, 1971.

Tom Moore, Jr., Winthrop Seley, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth H. Crow, and James R. Barlow, Asst. Dist. Attys., Waco and Jim D. Vollers, State's Atty., Austin, for the State.

E. Brice Cunningham, Dallas (on appeal only) for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ROBERTS, Judge.

This is an appeal from a conviction for possession of heroin. The jury, upon ap-

pellant's plea of guilty, assessed the punishment at 25 years.

The appellant was fully admonished by the court before accepting a plea of guilty.

Appellant asserts five points of error, all of which are virtually identical, in that they all challenge the sufficiency of the affidavit which formed the basis of the search warrant under which police officers discovered heroin in the appellant's possession.

The record reflects that at the beginning of the trial, in the presence of the jury, the appellant made a voluntary plea of guilty, having elected to have the jury assess the punishment. The trial proceeded to allow the State to prove its case and for the jury to hear the evidence in order to determine punishment. It was during this trial that objection was made to the introduction of the evidence in question, but no effort was made to withdraw the guilty plea.

"It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Swanson v. State, Tex. Cr.App., 447 S.W.2d 942. See: Glenn v. State, Tex.Cr.App., 442 S.W.2d 360.

"A plea of guilty, if voluntarily and understandingly made, is conclusive as to the defendant's guilt and waives all non jurisdictional defects including claimed deprivation of federal constitutional due process." Fierro v. State, Tex.Cr.App., 437 S.W.2d 833; Hoskins v. State, Tex. Cr.App., 425 S.W.2d 825.

The appellant, having plead guilty, waived his right to object to the affidavit, and nothing is presented for us to review.

There being no reversible error, the judgment is affirmed.