Andrew Earl **WHITAKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43697.

Court of Criminal Appeals of Texas.

May 12, 1971.

Rehearing Denied June 9, 1971.

Jake C. Cook, Fort Worth (court appointed), for appellant.

Frank Coffey, Dist. Atty., Wayne E. Roberts, Otto C. Stepjani, Jr. and R. W. Crampton, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for rape by force and threats. The jury assessed the punishment at fifty years.

The evidence reviewed in the light most favorable to the verdict reflects that the prosecutrix was a thirty-one year old woman who had left Germany and had been in this country for a year. It was apparently difficult for her to understand and express herself in English. She worked at the Cattlemen's Steak House in Fort Worth. She got off work at eleven o'clock p. m. on December 8, 1969, and went to her car in the parking lot. It was a cold night and it took some time to start and warm the engine of her car. While there,

a man she did not know got in the car with her. She screamed, honked the horn and struggled with him until he said he would shoot her if she did not stop. She testified that she was in fear of her life and that she did not struggle with him after the threat.

The man then drove her to another part of the parking lot, ordered her to take off her underclothing and had intercourse with her.

After this man had intercourse with her, the second man later identified as Andrew Earl Whitaker, the appellant, came to the car and talked to the first man. The prosecutrix could not understand what was said. Whitaker waited for the first man to have intercourse again. Whitaker then got in the car and, while the first man drove, had intercourse with her in the back seat. They picked up a third man, went to another place where all three of them had intercourse with her. They then left and Whitaker and the third man got out of the car where the latter had been picked up. The first man then drove to another place and had intercourse with the prosecutrix again.

She testified that while all of the men were in her car, Whitaker and the third man took her purse and dumped the contents and Whitaker took the three dollars that she had without her consent. She testified that she was scared for her life the whole time.

In the first and second grounds of error, it is contended that the evidence is insufficient to support the conviction of Whitaker, the second man, because he did not use any force or threats toward the prosecutrix and she testified it might have appeared to him that she consented.

Had the appellant been the only man involved and had no threats been made by the first assailant, a different case would be presented.

We hold there was sufficient evidence upon which the jury based its verdict to

show that Whitaker was acting with the first man who committed rape upon her.

It is also contended that consent by the prosecutrix to the intercourse with the appellant was shown when, at his request, she agreed to meet him some two nights later.

When she was asked: "What happened? Did you want to see him or what were you thinking at this time?", she answered, "Yes, I wanted to see him again because they can get this people because I was afraid about my life."

It might be argued that her lack of consent was shown in part when she did not meet the appellant as she had told him she would but instead described him to the officers who met him and made the arrest.[1]

It is also urged that she had no bruises on her when she was examined by a doctor apparently to show consent or to refute her testimony.

The testimony shows that the first man placed his hand over her mouth to stop her from screaming and then threatened to shoot her. The writer has always been at a loss to understand just how much resistance a woman or girl who is being attacked is expected to use against a person who has threatened to shoot her with a gun to accomplish his purpose.

The jury passed upon the credibility of the witnesses and the weight to be given their testimony. There was sufficient evidence to support the conviction.

The first and second grounds of error are overruled.

■ It is contended in the third ground of error that the court erred in admitting the confession of the appellant into evidence because it was a product of an illegal arrest and detention.

The appellant did not testify at the hearing on the admissibility of the confession but did on a motion to quash the indictment. He introduced a copy of his commitment to the Texas Youth Council for burglary in 1967 to show, and testified, that he was sixteen years of age at the time of the offense and was seventeen on January 3, 1970. The indictment was returned on February 24, 1970.

Appellant in support of his contention shows that no juvenile proceedings were filed against him for rape and urges the fact that he was not taken before a magistrate or juvenile judge before making the confession which recited that he had two acts of sexual intercourse with the woman.

The record shows that the appellant was arrested at approximately eleven o'clock the night of December 10, and the confession was taken at ten-forty the morning of December 11 while the appellant was being held as a juvenile.

The court conducted a Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, type hearing out of the presence of the jury before admitting the confession.

Officer Wilbanks of the juvenile division of the Fort Worth Police Department testified that he advised the appellant that he had a right to have a lawyer present to advise him prior to and during any questioning; if he was unable to employ a lawyer, one would be appointed for him; that he had a right to remain silent and not make any statement at all and if he chose to make a statement, it would be used as evidence at the trial against him.

After the hearing, the court found beyond a reasonable doubt that the confession was freely and voluntarily given after the appellant had intelligently waived consultation with counsel.

1. When the arrest was made, the officers found a blank "starter's" pistol in appellant's pocket. The prosecutor stated that he wanted to show this was the same gun that the first man had in his possession the night of December 8. The court did not allow this testimony before the jury.

No evidence on the voluntariness of the confession was offered before the jury. The record shows that the arresting officer knew that the second man to have intercourse with the prosecutrix was to appear at her place of employment at the time she got off work. The man fitting the physical description and dressed in the manner that the prosecutrix had described to the officers appeared at the appointed time and place. After the man got to the almost deserted parking lot, he walked by the car of the prosecutrix several times. The arrest was then made.

Since the amendment in 1967 of Article 38.22, Vernon's Ann.C.C.P., it is no longer required that a person first be taken before a magistrate and warned of his rights under the provisions of Article 15.17, V.A.C.C.P. Nor is there a provision in Article 2338–1, V.A.C.S., that requires the taking of a juvenile before a judge before a confession may be taken. It should be noted, however, that arrested adults should be taken before a magistrate without unnecessary delay and arrested juveniles should be taken before a juvenile judge.

Appellant acknowledges this Court's holdings that it is the illegal detention, not an illegal arrest, to be considered in determining the admissibility of a confession. There was no testimony tending to show a causal connection between the detention and the confession. The findings of the trial judge are fully supported by the evidence offered at the hearing on the voluntariness of the confession.

The contention is made that the confession taken from the appellant while he was a juvenile was inadmissible in the trial against him as an adult.

In 87 A.L.R.2d 624, it is written:

"As a general rule, minority is simply another factor to be considered in determining voluntariness and there is no distinct or separate rule of evidence applicable to confession of minors."

We again hold as we did in Nash v. State, 467 S.W.2d 414:

"*  *  * The fact that the appellant was 16 years old when the confession was taken does not make it any less voluntary."

The third ground of error is overruled.

The judgment is affirmed.