**Eddie Dean GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44558.

Court of Criminal Appeals of Texas.

Feb. 9, 1972.

Rehearing Denied March 29, 1972.

Tom L. Zachry, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Ann Delogah, Asst. Dist. Atty., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for rape. The jury assessed the punishment at sixty-three years.

The record reflects that the prosecutrix was a thirty-one year old woman who had left Germany and had been in this country

for a year. She got off work at the Cattlemen's Steak House in Fort Worth, at eleven o'clock p. m., on December 8, 1969, and went to her car in the parking lot. It was a cold night, and it took some time to start and warm the engine of her car. While there, appellant got into the car with her. She screamed, honked the horn and struggled with him until he said he would shoot her if she did not stop. She testified that she was in fear of her life and that she did not struggle with him after the threat.

The appellant then drove her to another part of the parking lot, ordered her to take off her clothes and had intercourse with her.

After appellant had intercourse with her, a second man [1] came to the car and talked to the appellant. The second man waited for the appellant to have intercourse again. The second man then got into the car and, while the appellant drove, had intercourse with her in the back seat. They picked up a third man, went to another place where all three of them had intercourse with her. The second and third man then left, and the appellant then drove to another place and had intercourse with the prosecutrix again.

█ Appellant first contends that the trial court erred in refusing his motion for continuance based upon grounds of inadequate preparation. Counsel was appointed to represent appellant on March 9, 1970, and trial began on October 26, 1970. The docket sheet reflects a motion for continuance had been granted on April 3, 1970. Appellant complains that the State had not furnished a list of the names of its witnesses. At the hearing, counsel for appellant acknowledged a conversation with prosecuting attorney at a previous hearing in this cause, where he was advised that the facts, witnesses, and exhibits would be the same as in the case of a co-defendant previously tried. The prosecutrix was the only witness to the crime presented by the State, and her appearance could not have come as a surprise to appellant. At the hearing on his motion, appellant's counsel admitted that he could examine the diagram the State intended to introduce in five minutes and that it would not keep him from being prepared. The record reflects the following occurred during the hearing on appellant's motion for continuance:

Attorney for the State

"Q Tom, is the real basis for your motion for a continuance the fact that you are ill or is it that in some way I have been unfair to you in giving to you the information requested?"

Appellant's attorney

"A Well, mainly because I don't feel like trying this case. I certainly don't feel you have been unfair to me about anything, George."

The granting of a continuance is a matter within the sound discretion of the Court. Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320. Under the circumstances, we find that the Court did not abuse his discretion in overruling appellant's motion for continuance.

Further, we note that appellant filed a pro se motion to quash the indictment on the ground that a speedy trial had been denied him. This motion was filed on October 27, 1970, the day testimony began in this cause, and it appears such motion was filed without the knowledge or consent of his counsel. While this is a frustrating matter to counsel who represents an uncooperative client, it is an equally disturbing factor to trial and appellate courts. When the appellant took a position inconsistent with that of his counsel in the trial of his case, he did so at his own peril.

---

1. See Whitaker v. State, Tex.Cr.App., 467 S.W.2d 264.

■ The appellant next complains that the trial court erred in denying appellant's subsequent motion for continuance and later motion for a mistrial based on the illness of appellant's counsel. At the motion for continuance, counsel for appellant testified "that at the present time I have got a head cold with a headache, sore throat and don't feel well enough to proceed to trial." Two days after the trial began, appellant's counsel renewed his motion for continuance and asked for a mistrial. A letter from a physician was attached to the motion recommending bed rest for tracheo bronchitis. In support of his motion, he called the bailiff, a Mrs. Johnson, to the stand who testified that she felt counsel's face at his request and that it was warm, but further stated that she was not qualified to state whether it was warmer than a normal person's face.

A careful examination of the record reflects that appellant was ably represented throughout the trial by counsel. We overrule appellant's contentions that the court erred in not granting his motion for continuance and mistrial. See McKnight v. State, Tex.Cr.App., 432 S.W.2d 69; Martin v. State, Tex.Cr.App., 401 S.W.2d 831.

■ Appellant contends that the court erred in admitting into evidence statements made by the prosecutrix to her husband.

The prosecutrix testified that upon her arrival at her home after she had been raped and upon seeing her husband, she told him, "I want to go back. I want to go back to Germany." The husband of the prosecutrix testified that upon seeing his wife, she said, "I want to go back to Germany" and upon asking her why, she stated, "I want to go back. I don't want to stay here any longer." Appellant complains that these statements were hearsay and not admissible as an exception to the hearsay rule in that they are not related to the rape. Appellant cites Hazzard v. State,

111 Tex.Cr.R. 539, 15 S.W.2d 638, where the Court said, " * * * if there is shown such relation between the statements made and the transaction which they purport to detail as to evidence their spontaneity, they may be properly admitted." The husband testified that he had never seen his wife in that condition before and that "she was like frozen" and "she was frozen up." In 4 Branch's Ann.P.C., 2d Ed. 282, Sec. 1958, it is said:

"The statements and conduct of prosecutrix said and done shortly after the transaction may be proved as original evidence if suffering excludes the idea of fabrication, and the statements of conduct are spontaneous and instinctive, and there is no break or letdown in the continuity of the transaction. Time is not the sole test for either the admission or rejection of such proof; instinctiveness is the requisite. Citing authorities."

Prosecutrix had only been in this country a year and had difficulty expressing herself in English. She went to her home after having been raped several times and the first person she saw was her husband. He had never seen his wife "in that condition before" and "she was like frozen." All of the foregoing circumstances show the instinctiveness of the remarks made by the prosecutrix. The words actually spoken by prosecutrix who had only been away from Germany a year reflect their spontaneity. It is only natural that after undergoing the ordeal to which the prosecutrix had been subjected that these would be her first words. The statement made by prosecutrix to her husband meets the test of instinctiveness and spontaneity and was properly admitted by the trial court. Further, we fail to see how appellant was harmed by such statement.

■ In his last contention, appellant complains the court erred in failing to declare a mistrial because of the improper

statements made in closing argument by the attorney for the State, in the punishment phase of the trial.

The prosecutor argued, "for reasons that I can't tell you about, I would suggest to you that the very minimum time in the penitentiary that you assess is sixty years, would be appropriate." The appellant objected to the argument and asked the Court to instruct the jury not to consider it for any purpose in their deliberations. The Court sustained the objection and gave the requested instruction to the jury. Appellant's motion for mistrial was overruled.

In Lenzi v. State, Tex.Cr.App., 456 S. W.2d 99, (Judge Onion dissenting), this Court held argument that number of years assessed is not necessarily number of years served was not so obviously prejudicial as to require reversal in view of court's sustaining objection to such argument and instructing jury not to consider same. In Mims v. State, Tex.Cr.App., 466 S.W.2d 317, the prosecutor argued, "The unfortunate thing is that you people don't get to know what we know, so you have to use common sense when you come into the jury box." This Court held that the error was not reversible under the circumstances of the case; that no statute was violated and no new and harmful fact was injected in the case. While we cannot condone the type of argument made in the instant case, we conclude that the error was not reversible especially in view of the court's instruction at the time the argument was made and the instruction given in the court's charge.[2]

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

MORRISON, J., not participating.

ONION, Presiding Judge (concurring).

I concur in the result reached, but desire to express my own views as to the jury argument of which appellant complains.

At the penalty stage of the trial the prosecuting attorney urged the jury to give the appellant "time in the penitentiary" and not to grant probation. Then he stated:

" . . . I submit to you that you give him a long term in the penitentiary as the law indicates to you when they put in the maximum to the punishment for the crime of rape. I tell you that that is appropriate.

"For reasons that I can't tell you about, I would suggest to you that the very minimum time in the penitentiary that you assess is sixty years, would be appropriate. However, keep in mind, you twelve people represent Tarrant County—"

At this point appellant's counsel asked to approach the bench and a discussion ensued outside the court reporter's hearing. Thereafter appellant's counsel asked the reporter to make a notation that he would be making an objection "later on outside the presence of the jury." Another bench discussion then took place after which appellant's counsel stated:

"Your Honor, at this time, I am going to object to counsel's argument concerning . . . I think he said something to the effect that for reasons that I can't tell you . . . I think is an inappropriate term—appropriate sentence by the jury would be sixty years for the reasons that it is improper argument."

2. The court instructed the jury: "You are not to discuss among yourselves how long the defendant would be required to serve the sentence, if any, that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of Texas, and are of no concern to you."

The objection was then sustained and the jury instructed to disregard the argument complained of for any reason in their deliberations. The motion for mistrial was denied.

"It is the duty of trial counsel to confine their arguments to the record; reference to facts that are neither in evidence nor inferable from the evidence is therefore improper." 56 Tex.Jur.2d, Trial, Sec. 271, p. 631.

While counsel has a right to make a recommendation as to punishment, "[c]ounsel for the state may not base his argument regarding punishment on matters outside of the record." 56 Tex.Jur.2d, Trial, Sec. 278, pp. 624–625. See also Lenzi v. State, 456 S.W.2d 99, 104 (dissenting opinion) (Tex.Cr.App.1970) and cases there cited.

The prosecuting attorney was clearly wrong in stating "For reasons that I can't tell you about. . . ." If I could conclude from the record that the argument was a deliberate attempt to get around the trial court's jury instruction not to discuss the matter of parole or to infer that he (the prosecutor) had other information not reflected by the record which would justify the recommended penalty, I would not hesitate to reverse this cause.

However, as I read the argument in the context in which it was made, the objection made at the time and the judge's prompt instruction to disregard, I cannot conclude that error is so harmful as to call for reversal.

Certainly such argument is not to be condoned and prosecutors should be warned that prompt jury instructions to disregard by the court will not always remove the reversible nature of the error.

For the reasons stated, I concur reluctantly.