Clarence Wayne **WHITE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44568.

Court of Criminal Appeals of Texas.

Feb. 16, 1972.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert T. Baskett, Asst. Dist. Attys., Dallas, and Jim. D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for robbery. The appellant's plea of guilty was accepted by the trial court after he had been fully admonished concerning the consequences of the plea, and the jury assessed the punishment at fifty years.

■ Appellant contends that the trial court erred in refusing to grant his motion for a continuance filed on the first day of trial. The motion alleged that the illness of appellant's counsel at the time of trial denied him a fair trial and the lack of adequate notice as to the day of trial denied him sufficient time to adequately prepare his defense. The motion makes reference to the fact that appellant's counsel had been taking medication prior to trial and had just been to a doctor's office, where he had received two additional prescriptions for medication. No allegation is made in the motion, however, that counsel was too ill to proceed to trial, that he was under the disabling influence of any medication, or that any prior illness prevented him from preparing for the instant case.

Counsel for appellant was appointed on November 17, 1969, but the case was not set for trial until April 1, 1970. On the day of trial, appellant's counsel notified the court that he could not be present. The case was then set to be heard on April 6, however, appellant's counsel alleges that he did not receive notice of this setting until the morning of the same day. A careful examination of the record fails to show any attempts by appellant's counsel to ascertain the subsequent setting of the case after his last-minute-notice to the court that he could not be present on the day originally set for trial.

Motions for continuance are addressed to the sound discretion of the trial court, Aguilar v. State, Tex.Cr.App., 468 S.W.2d 75; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320 (1968), and will not be reversed in absence of showing an abuse of such discretion. Ward v. State, Tex.Cr.App., 427 S.W.2d 876. We perceive no error in the trial court's refusal to grant appellant's motion for a continuance.

Appellant's next grounds of error concern matters occurring after he had entered his plea of guilty before the jury. In these, he contends that the trial court committed reversible error, when it failed to file an order among the papers of the cause stating its findings as to the voluntariness of the oral confession introduced, and that an oral confession had to be reduced to writing before it could be introduced into evidence. Appellant, however, made no effort to withdraw his plea of guilty.

■ "It is well established that a plea of guilty to a felony charge before a jury admits the existence of all facts necessary to establish guilt and, in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed." Darden v. State, Tex.Cr.App., 430 S.W.2d 494, 495; Graham v. State, Tex.Cr.App., 466 S.W.2d 587; Swanson v. State, Tex.Cr.App., 447 S.W.2d 942. A plea of guilty before a jury if voluntarily and understandingly made is conclusive as to the defendant's guilt and waives all non-jurisdictional defects including claimed deprivation of federal constitutional due process. Durham v. State, Tex.Cr.App., 466 S.W.2d 758; Soto v. State, Tex.Cr.App., 456 S.W.2d 389; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833.

The judgment is affirmed.

Opinion approved by the Court.