Ruben Hernandez JIMENEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00044–CR.

Court of Appeals of Texas,
Dallas.

March 21, 1983.

Tom Sands, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeff Keck, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

WHITHAM, Justice.

Appellant appeals from a conviction for murder in which punishment was assessed at life imprisonment in the Texas Department of Corrections and a $10,000.00 fine. In his fourth ground of error appellant contends that the trial court erred in failing to grant appellant's motion for continuance

alleging that appellant's counsel was scheduled to enter the hospital the next day for the surgical removal of a carcinoma the following morning. We agree. Accordingly, we reverse and remand.

Appellant's case was set for trial on November 10, 1980. On that day appellant's counsel filed a motion for continuance advising the court that:

> Since this case was first set for trial on November 10, 1980, Defendant's attorney has been advised by his doctor, Robert Hamas, M.D. that he has a carcinoma, which must be removed at the earliest time when such an operation could be scheduled. That surgery is scheduled for 7:30 A.M. on Wednesday November 12, 1980 and that the said attorney must check into Doctors Hospital at 3:00 P.M. on November 11, 1980. In the event this trial is not concluded on Monday, November 10, or Tuesday, November 11, 1980, by 3:00 P.M. then such surgery cannot be performed as scheduled.

This was the first motion for continuance filed in the case. The record does not show that the State opposed the motion. On appeal the State does not challenge the seriousness of defense counsel's carcinoma or the urgency of his surgery. A visiting judge from out of town was sitting for the regular judge of the court. Apparently, the milk of human kindness does not flow in that situation. The court denied the motion for continuance, and the trial proceeded with the same counsel.

Tex.Code Crim.Proc.Ann. art. 29.-03 (Vernon Supp.1982–1983) provides that:

> A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion. A continuance may be only for as long as is necessary.

Continuance is a matter within the discretion of the trial court. *Corley v. State,* 582 S.W.2d 815, 820 (Tex.Cr.App.1979) (*en banc*), cert. denied 444 U.S. 919, 100 S.Ct. 238, 62 L.Ed.2d 176 (1979); *Aguilar v. State,* 468 S.W.2d 75, 78 (Tex.Cr.App.1971). We recognize that in cases that have con-

sidered motions for continuance because of illness of counsel, there was no serious allegation of illness, *Harris v. State,* 516 S.W.2d 931 (Tex.Cr.App.1974); *White v. State,* 475 S.W.2d 927 (Tex.Cr.App.1972), or the court was satisfied that appellant was ably represented by co-counsel. *Miller v. State,* 537 S.W.2d 725 (Tex.Cr.App.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1120, 51 L.Ed.2d 547 (1977). In the present case, however, there was only a lone attorney forced to trial bearing the heavy burden of a double personal concern of the carcinoma itself and the time pressure of hospital admission the day after trial was to begin and surgery the following morning. Had the trial judge been faced with those concerns one wonders if he would have been on the bench to conduct appellant's trial. We conclude that in the present case the trial court abused its discretion in denying appellant's motion for continuance, thus forcing appellant to stand trial represented by counsel with mind distracted by medical problems who must hurry through the trial in order to have carcinoma surgery when scheduled. Appellant's fourth ground of error is sustained.

Reversed and remanded.