**Ruben Hernandez JIMENEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 297–83.

Court of Criminal Appeals of Texas,
En Banc.

April 30, 1986.

Tom Sands, Ralph Taite, Dallas, for appellant.

Henry Wade, Dist. Atty. and Jeffrey B. Keck, Reed Prospere and Mike Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

The Court of Appeals for the Fifth Supreme Judicial District reversed appellant's conviction for murder on the ground that the trial judge abused his discretion in denying appellant's motion for continuance. *Jimenez v. State*, 648 S.W.2d 782 (Tex.App.—Dallas 1983). We granted the State's petition for discretionary review to review that determination.

Appellant was indicted for murder in January, 1980. On September 29, 1980, a trial date of November 10, 1980, was scheduled and a pretrial hearing was scheduled for October 24, 1980. On November 10, the day the trial was to begin, appellant's counsel filed a motion for continuance in which he alleged several grounds, the third of which read:

Since this case was first set for trial on November 10, 1980, Defendant's attorney has been advised by his doctor, Robert Hamas, M.D. that he has a carcinoma, which must be removed at the earliest time when such an operation could be scheduled. That surgery is scheduled for 7:30 A.M. on Wednesday November 12, 1980 and that the said attorney must check into Doctors Hospital at 3:00 P.M. on November 11, 1980. In the event this trial is not concluded on Monday, November 10, or Tuesday, November 11, 1980, by 3:00 P.M. then such surgery cannot be performed as scheduled.

The record does not contain any evidence in support of the motion or a transcript from a hearing on the motion. The only evidence that it was heard is a notation on the docket sheet that the motion was overruled prior to voir dire. The trial began on November 10 and ended at about 4:45 P.M. on November 11.

The Court of Appeals properly noted that the granting of a continuance is a matter within the discretion of the trial court and that Art. 29.03, V.A.C.C.P., provides that a

**2**

criminal action may be continued "upon sufficient cause shown; which cause shall be fully set forth in the motion...." The Court then concluded, solely from the allegation in the motion for continuance, that appellant was forced to stand trial "represented by counsel with mind distracted by medical problems who must hurry through the trial in order to have carcinoma surgery when scheduled."

■ Every case must be reviewed on its own facts. In the matter of a continuance abuse of discretion and, thus, harm is evaluated by examining the record of the proceedings to determine if appellant was ably represented by counsel throughout the trial. *Ex Parte Windham*, 634 S.W.2d 718 (Tex.Cr.App.1982); *Harris v. State*, 516 S.W.2d 931 (Tex.Cr.App.1975); *Compton v. State*, 500 S.W.2d 131 (Tex.Cr.App.1973); *Gray v. State*, 477 S.W.2d 635 (Tex.Cr.App. 1972); *Day v. State*, 57 S.W.2d 581 (Tex.Cr. App.1933); *Webb v. State*, 40 S.W. 989 (Tex.Cr.App.1897). In the instant case there is no record of any proceeding or evidence offered in support of the motion. Counsel did not allege that his physical condition was in any way a hindrance to his effective representation of appellant. Cf. *White v. State*, 475 S.W.2d 927 (Tex.Cr. App.1972). Appellant had been indicted about ten months before the trial. On September 29 the case was scheduled to be tried on November 10. The motion was filed the day of trial requesting a continuance for an unspecified length of time. The case was not complex and lasted only two days. No harm has been shown. Cf. *Ex Parte Windham*, supra, and factors listed therein.

■ A review of the record before us reflects that appellant was ably represented by counsel. Cf. *Harris*, supra; *Gray*, supra; and *Moore v. State*, 144 Tex.Cr.R.

145, 161 S.W.2d 83 (1942). The record does not support the Court of Appeals' conclusion that counsel was distracted and hurried through trial. Counsel's motion does not allege such effect and we will not speculate on such, particularly when the record does not reflect it. Appellant did not file a motion for new trial or otherwise develop a record as to counsel's performance at trial and the effect, if any, of his medical condition on that performance. The record reflects that counsel effectively represented appellant. No harm is presented and we cannot say, on the basis of this record, that the trial court abused his discretion in overruling the motion for continuance.

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for consideration of other grounds of error.

McCORMICK, J., concurs in the result.

CLINTION, Judge, dissenting.

When this Court finds itself addressing a simple matter of exercise of discretion by a trial court with respect to a first motion for continuance in regular form whose grant is not shown to have been opposed by the prosecution, as starkly as can be revealed by any cause before us, the instant one demonstrates that something is awry in our appellate system of criminal justice.

The matter of a continuance is within the discretion of a trial court. Thus to the extent it is one the "standard" for appellate review on direct appeal is whether the trial court abused its discretion in denying a continuance. With its mind on equity an appellate court must exercise its own discretion in determining whether there was an abuse of discretion on the part of a trial court. *Williams v. State*, 159 Tex.Cr.R. 443, 265 S.W.2d 92 (1954).[1]

---

1. "We are cited to many cases of the different states of the Union relative to what is meant by 'an abuse of discretion' and while not lending itself to an absolute measuring stick by which such abuse could be understood, the opinions seem to be in fair agreement that *an abuse of discretion usually means doing differently from what the reviewing authority would have felt*

*called upon to do*. Such ordinarily finds itself depending upon the facts of the particular case. [citation omitted].

From the cases cited to us, *the matter of equity would have some weight* in finding an abuse of discretion."

*Id.*, 265 S.W.2d at 95. Accord: *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d

Should the court of appeals decide there was an abuse of discretion and reverse judgment of conviction, of course this Court has jurisdiction, power and authority to consider a State's petition for discretionary review in order to determine whether to review the decision of the court of appeals. *Todd v. State*, 661 S.W.2d 116 (Tex. Cr.App.1983). There is no "right" to discretionary review; it is a matter of "sound judicial discretion." Article V, § 5; Article 4.04, § 2, V.A.C.C.P., and *Todd v. State*, supra. To inform its own discretion, as much as to guide practitioners, this Court formulated and enumerated in Tex.Cr.App. Rule 302(b) the "character of reasons" to measure exercise of its discretion. At least four judges must vote to grant discretionary review. Tex.Cr.App. Rule 304(k).

Here at least four judges found a reason to cause the Court to exercise its discretionary jurisdiction, power and authority to review such a finely discretionary decision of the court of appeals.[2] But, just what are we critically to examine in the premises?

At the outset, the opinion of the Court notes that the court of appeals found the trial court abused its discretion in denying a motion for continuance, and then says that we granted the State's petition "to review *that determination*." However, the majority proceeds critically to examine the record more for what it seems to believe the record should contain, but does not;[3] along the way it opines that "[e]very

case must be reviewed on its own facts," and finally concludes:

"No harm is presented and *we cannot say, on the basis of this record*, that the *trial court abused his discretion* in overruling the motion for continuance.

So, while it sets out to review a determination by the court of appeals that the trial court abused its discretion, the majority acts as if it were deciding a cause in the first instance on direct appeal, so its opinion ends up finding by its own lights "we cannot say" there was an abuse of discretion by the trial court. *Ergo*, the judgment of the court of appeals must be reversed.

Granting that this Court has jurisdiction, power and authority to review, but doubting that it wisely exercises sound judicial discretion in determining to address, a decision on an issue of this kind, still I fail to discern from its opinion on what principled basis the majority feels obliged to bring its own notions of equity to bear on a matter within the judicial discretion of the court of appeals in the first instance on direct appeal. The court of appeals went through the same analysis, even citing some of the same cases, as the majority does today. Three capable and experienced judges came to a reasonable conclusion from particularized aspects of the whole record—some of which the majority fails to take into account—not "solely from the allegation in the motion for continuance," as the majority would have it. That the majority might have reached a different result had its numbers been sitting on direct appeal is

---

124, 126 (1939), affirming *Sunshine Bus Lines v. Craddock*, 112 S.W.2d 248, 252 (Tex.Civ.App.—Fort Worth 1937). (All emphasis is mine throughout unless otherwise indicated.)

**2.** The opinion of the Court fails to reveal *any* "character of reason" for granting review. There was but one discrete question answered by the court of appeals. Certainly, nothing in its decision appears to conflict with a decision of another court of appeals "on the same matter," to implicate "an important question of state or federal law," to misconstrue a statute, rule or ordinance, to reflect a disagreement in the court of appeals on "a material question of law" or "to call for an exercise the Court of Criminal Appeals' power of supervision"—the six reasons listed in Rule 302(c), supra.

**3.** Anent absence of "any evidence in support of the motion or a transcript from a hearing on the motion," perhaps the majority has overlooked the statutorily prescribed procedure for handling a motion for continuance: A motion showing "sufficient cause" is filed; *only* when a sworn denial is filed must the issue thus raised be heard by the trial judge on "testimony by affidavit," and without argument unless requested by the judge. Articles 29.03, 29.09, 29.10 and 29.11, V.A.C.C.P. That a docket entry may be "[t]he only evidence" the motion was heard and overruled is contemplated by Article 33.07, V.A.C.C.P.

not an acceptable reason to cause this Court to overturn a rational determination by a court of appeals in exercise of its own discretion.

As judges on the court of last resort for criminal cases in this State, we would do well to heed the caution of Justice Jackson that "we are not final because we are infallible, but we are infallible only because we are final." *Brown v. Allen,* 344 U.S. 443, 540, 73 S.Ct. 397, 427, 97 L.Ed. 469 (1953) (Concurring Opinion).

To creating precedent for another abuse of discretionary review, I must dissent.

TEAGUE, Judge, dissenting.

In the opinion that Justice Whitham authored for the Dallas Court of Appeals, which reversed the trial court's judgment because it found that the visiting trial judge in this cause erred in overruling the uncontroverted motion for continuance that had been filed by counsel for Ruben Hernandez Jimenez, hereinafter referred to as the appellant, he remarked: "Apparently, the milk of human kindness did not flow in (this kind of situation)." *Jimenez v. State,* 648 S.W.2d 782 (Tex.App.—Dallas 1983). Nor, I might add, does it flow from this Court's majority opinion, which reverses the judgment of the court of appeals.

On November 10, 1980, the day the case was set for trial, in his uncontroverted motion for continuance, counsel for the appellant informed the visiting trial judge that after the case had been set for trial his doctor had informed him that he had a carcinoma, which is the existence of a malignant tumor derived from epithelial tissue, and that surgery had been scheduled for November 12, 1980.[1] We are now informed that four hours of skin surgery were subsequently performed on counsel, and that it was also necessary for counsel to undergo on another date a second skin grafting operation. Thus, when counsel filed his motion for continuance, his concern consisted of a little more than where one might have a boil on his buttocks.

Of course, neither the court of appeals nor this Court can unequivocally state just what thoughts might have been on counsel's mind during the trial of the case. However, I must wonder how many members of our trial judiciary, having been diagnosed as having a carcinoma, would have shown up for work at all the week that surgery was scheduled to be performed, much less the day of the trial. And yet, the majority opinion has the audacity to conclude that the visiting trial judge in this instance did not abuse his discretion in overruling counsel's motion for continuance.

Given the facts that we have, one must also wonder just what would constitute grounds for a motion for continuance. Perhaps death of counsel or the defendant?

The majority opinion states that the appellant was not harmed by the trial judge's overruling counsel's motion for continuance. However, the short answer to this conclusion is as pointed out by counsel for the appellant: "The State contends on the one hand that Appellant's counsel was not distracted by medical problems and on the other hand that any error committed by the Assistant District Attorney during final argument on punishment was waived by Appellant because he failed to timely object, to request an instruction or a mistrial. Surely, this one example alone substantiates that counsel was preoccupied and distracted during the trial of the case. The foregoing error on the part of appellant's counsel did in fact occur during that part of the trial when he was already late for check-in at the hospital where he was to have surgery that would require the rest of the year for him to recover."

I have always believed that Justice was firm. However, I also thought that she tempered her rulings with mercy, and, as Justice Whitham might have put it, "with the milk of human kindness." Today, the majority opinion destroys those beliefs, by holding that the milk of human kindness

---

1. Counsel was to check into the hospital the next day, November 11, 1980.

that was in this Court's pail has now evaporated.

I dissent.